**AEROJET–GENERAL CORPORATION,**
an Ohio corporation, Plaintiff,

v.

**Reubin O'Donovan ASKEW, Governor of
the State of Florida, et al.,
Defendants.**

**Civ. A. No. 1831.**

United States District Court,
N. D. Florida.

March 8, 1973.

See also, 5 Cir., 476 F.2d 184.

George W. Wright, Jr., Miami, Fla.,
for plaintiff.

Stuart Simon, County Atty. for Dade
County, Miami, Fla., for defendants.

Robert L. Shevin, Atty. Gen., M. Stephen Turner, Tallahassee, Fla., Counsel
for Trustees of Internal Improvement
Trust Fund, for defendants.

## ORDER GRANTING PRELIMINARY INJUNCTION

**MIDDLEBROOKS, District Judge.**

The above cause came on for emergency hearing pursuant to oral notice before the Court on October 31, 1972,[1] upon motion of the plaintiff Aerojet-General Corporation (hereinafter referred to as "Aerojet") for temporary restraining order and/or preliminary injunction.[2] All parties hereto appeared through and were represented by counsel at the hearing. The Court has heard and considered the evidence and has judged the demeanor of the witnesses who have testified and now makes the following findings of fact and conclusions of law as required by Rule 52(a), Federal Rules of Civil Procedure.

### FINDINGS OF FACT

[1] At the time of the filing of Aerojet's motion for temporary restraining order and/or preliminary injunction, this cause was pending before the Court upon various motions of the defendants directed to Aerojet's amended complaint for declaratory decree and injunctive relief.[3] Aerojet claims by this action that its deed to certain lands (hereinafter referred to as the "subject lands") described in the amended complaint is not subject to collateral attack or other acts by defendants herein claimed to be in derogation of Aerojet's title.

On June 8, 1972, prior to delivery of any deed to Aerojet, Metropolitan Dade County filed a petition for issuance of writ of mandamus in the Supreme Court of Florida. Aerojet acquired fee simple title to the subject lands by deed dated June 20, 1972, from a commissioner appointed by this Court (hereinafter referred to as Commissioner's Deed") as a result of this Court's specific performance judgment in Tallahassee Civil Action No. 1534, Aerojet-General Corp. v. Kirk et al., 318 F.Supp. 55 (N.D.Fla. 1970) and as affirmed and mandated by the United States Court of Appeals for the Fifth Circuit, sub nom., in Aerojet-General Corp. v. Askew et al., 453 F.2d 819 (5th Cir. 1971), cert. den. 409 U.S. 892, 93 S.Ct. 110, 34 L.Ed.2d 149 (1972). Numerous alternative grounds for relief are alleged in Aerojet's complaints herein; but the basic claim is for protection of Aerojet's title to the lands.

[2] Subsequent to the filing of Aerojet's amended complaint herein and to the issuance and delivery to and recording by Aerojet of the Commissioner's Deed to the subject lands, viz., October 11, 1972, the Supreme Court of Florida filed its opinion and decision in State ex rel. Dade County v. Askew et al., 267 So.2d 827 (Fla.1972), wherein that Court issued a peremptory writ of mandamus to the Trustees of the Internal Improvement Trust Fund of the State of Florida (hereinafter referred to as "Trustees"), ordering them to offer a substantial portion of the subject lands to Dade County for purchase purportedly in accordance with the provisions of Section 253.111, Florida Statutes, F.S.A. Dade County had moved to amend the alternative writ of mandamus (thus directing it to Aerojet). In the meantime, the Trustees had filed a "third party complaint" against Aerojet in that action. The Florida Supreme Court rejected these efforts to bring Aerojet into those mandamus proceedings. Accordingly, Aerojet was not a party therein and was adjudicated by the Florida

---

1. There was delay in entry of this formal order. Therefore, this order is entered *nunc pro tunc* as of October 31, 1972.

2. A motion for temporary restraining order and rule to show cause because of the same events which gave rise to the aforesaid motion filed in this case was filed by Aerojet in Case No. TCA 1534 in this Court and copy of this order is filed therein as record of the ruling of this Court therein.

3. Subsequent to the hearing Aerojet with leave of Court filed a second amended complaint alleging the occurrence of certain events subsequent to its amended complaint, including the events which precipitated the preliminary injunction hearing of October 31, 1972.

Supreme Court not to be a proper party to the mandamus action. Nonetheless, that Court purported to construe the lease-option agreement made and entered into by Aerojet and the Trustees and the Florida Board of Education; purported to make Aerojet's prior exercise of its option to purchase thereunder subject to the provisions of Section 253.111, Florida Statutes; and purported to require compliance with the statute's provisions before the closing of the transaction.[4]

[3] Without any prior notice to Aerojet, the defendant Dade County Attorney, prior to October 31, 1972, had instructed one of his assistants to prepare for submission to the defendants Board of County Commissioners of Metropolitan Dade County, Florida (hereinafter referred to as Dade County Commission") a resolution offering to purchase the subject lands from the Trustees for the same contract purchase price paid for the subject lands by Aerojet to the Trustees and Board of Education of the State of Florida. The defendant Dade County Attorney testified on deposition taken on oral examination in this cause on the afternoon of October 30, 1972, that while said resolution had been completed, same was not agendaed for presentation to or consideration by the Dade County Commission at the scheduled October 31, 1972 meeting of the Dade County Commission, and that the only way it could be agendaed and considered by the Dade County Commission at that meeting would be by a two-thirds affirmative vote of the Commission in favor of placing it on the agenda. He testified he did not know whether or not there were any plans to have said resolution agendaed for consideration at that meeting.

[4] Nonetheless, on the evening of October 30, 1972, an assistant to the defendant Dade County Attorney (the same assistant who appeared at said deposition of the defendant Dade County Attorney) and the County Manager of the defendant Dade County, went to Tallahassee, Florida, taking with them a copy of said resolution and a check issued on that date by the said County Manager, drawn on Dade County funds, for $1,246,308.88, payable to the Trustees. These representatives of Dade County travelled to Tallahassee, Florida, to advise the Trustees at a meeting of that body in Tallahassee, Florida, also scheduled for October 31, 1972, of the adoption of the aforesaid resolution by the Dade County Commission at the Commission meeting of October 31, 1972. Having knowledge that the resolution would be considered and likely passed by the Dade County Commission, these representatives were thus in position purportedly to purchase the aforesaid lands from the Trustees for said amount of $1,246,308.88 and to deliver to the Trustees said check in exchange for a deed to the subject lands from the Trustees in the event the Trustees agreed to accept said offer.

[5] At the outset of the scheduled meeting of the Dade County Commission on October 31, 1972, a motion was made and adopted to agenda the aforesaid resolution and it was then passed and adopted by the Dade County Commission. Telephonic advice of its adoption was thereupon immediately given by the defendant, Dade County Attorney, to his assistant in Tallahassee, Florida, which assistant then conveyed the fact of adoption by the Dade County Commission of said resolution to the Trustees, through the defendant the Attorney General of the State of Florida. Thereupon, pursuant to motion of the defendant Attorney General the Trustees passed and adopted a resolution accepting the offer to purchase the subject lands of Dade County as contained in the resolution of the Dade County Commission adopted only moments before.

---

4. As heretofore noted, the lands had already been conveyed to Aerojet by operation of this Court's processes.

A deed to all of the subject lands [5] from the Trustees to Metropolitan Dade County (prepared by the Attorney General presumably before any official action was taken) was then immediately executed by all of the Trustees (except the defendant Comptroller of the State of Florida who was not present at the meeting of the Trustees) and said deed was then hand delivered to said Assistant County Attorney for Dade County in exchange for delivery by him to the Trustees of the aforesaid check of Dade County in the sum of $1,246,308.88.

[6] The said Assistant Dade County Attorney along with the County Manager of the defendant Dade County, then intended to return the same day by airplane to Miami, Dade County, Florida, for purposes of recording said deed and for immediate filing of a quiet title action against Aerojet in the Dade County Circuit Court based on said deed. Oral notice of hearing before this Court was given prior to their departure. Thus, instead of returning to Dade County, the said Assistant County Attorney and County Manager appeared at said hearing along with the defendant Attorney General, two of his assistants and counsel for Aerojet.

■ [7] To permit the consummation of this transaction—encompassing the same lands as have already been previously deeded to Aerojet—by permitting recordation by Dade County of said deed to it from the Trustees and/or by the filing by Dade County of any quiet title or other action based upon said deed prior to final resolution of the issues in this action would work irreparable harm and injury to Aerojet. Aerojet is already vested with fee simple title to said lands by virtue of the Commissioner's Deed and exclusive possession in Aerojet of said lands should not be subject to interference by Dade County.

## CONCLUSIONS OF LAW

[1] This Court has jurisdiction of the subject matter and of all parties involved in the transactions described above.

[2] Any claims of Dade County can and will be disposed of by this Court in the manner deemed proper.

[3] This Court's jurisdiction over the subject matter of this cause and of the parties before it and the primary issue raised in the complaint relative to effectuating this Court's prior specific performance judgment in Tallahassee Civil Action No. 1534 and the mandate of the Fifth Circuit Court of Appeals affirming it, should be preserved so that this Court may later efficiently and justly determine the issues presented by the complaint.

[4] In order to protect this Court's jurisdiction over the subject matter of this cause and the parties before it, this Court will issue its injunctive order, *pendente lite*, in order to preserve the status quo as it now exists. At this time this Court makes no determination as to the various contentions advanced by both parties. In this respect this entire matter is taken under advisement.

■ [5] The Court finding that there was no bad faith in the action taken by the cabinet specifically in view of the order of the Supreme Court of Florida which required the cabinet members to offer this subject property to Dade County, concludes that no further hearing is necessary on the pending petition for rule to show cause for contempt.

Having considered the above findings and having heard and considered the argument of counsel for the respective parties and the Court being otherwise

---

5. It is to be noted that while the Florida Supreme Court's peremptory writ of mandamus in the mandamus action did not encompass all of the subject lands, the resolutions of the Dade County Commission and the Trustees, as well as the deed from the latter to the former, encompassed *all* of the subject lands.

duly advised in the premises, it is therefore

Ordered:

[1] Upon the Court's own motion Aerojet, its officers, directors, agents, servants and employees be and they are hereby enjoined pending further order of this Court from selling and/or conveying and/or otherwise disposing of and from issuing and delivering any deed or other instrument purporting to convey to any other person, firm, corporation or other entity, any part or all of the following described real property:

Sections 1 thru 14, Township 56 South, Range 37 East.

Sections 15 and 16, Township 56 South, Range 37 East.

Sections 17 thru 20, Township 56 South, Range 37 East.

Sections 21 thru 23, Township 56 South, Range 37 East.

Sections 24 thru 36, Township 56 South, Range 37 East.

Section 16, Township 57 South, Range 37 East.

West ½ of Section 5, Township 59 South, Range 38 East.

Section 6, Township 59 South, Range 38 East.

Section 16, Township 59 South, Range 38 East.

All situate and lying in Dade County, Florida.

[2] The defendants Joyce Goldberg, Edward T. Graham, Edward C. Fogg, III, Harry P. Cain, Harvey Ruvin, Mike Calhoun, Mrs. Beverly B. Phillips and Edward T. Stephenson, Commissioners of Metropolitan Dade County, as and constituting the Board of County Commissioners of Metropolitan Dade County, Florida, the defendant, Metropolitan Dade County, Florida, and the defendant, Stuart Simon, County Attorney of Metropolitan Dade County, as County Attorney of Metropolitan Dade County, Florida, their successors in office, officers, agents, servants, and employees be and they are each enjoined, pending further

order of this Court, from recording or filing for record with the Clerk of the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida, or any other governmental agency charged with the duty and responsibility under the law of Florida of recording or receiving for recording of deeds or other instruments of conveyance to real estate, that certain Deed No. 25347 bearing date October 31, 1972, from Reubin O'Donovan Askew, Governor, Richard B. Stone, Secretary of State, Robert Shevin, Attorney General, Fred O. Dickinson, Comptroller, Thomas D. O'Malley, Treasurer, Floyd D. Christian, Commissioner of Education and Doyle Conner, Commissioner of Agriculture, as and constituting the State of Florida Board of Trustees of the Internal Improvement Trust Fund, as grantors, to Metropolitan Dade County, a political subdivision of the State of Florida of the County of Dade, State of Florida, and its successors and assigns, covering the following described real property:

All of Sections 1 through 36, inclusive, Township 56 South, Range 37 East; all of Section 16, Township 57 South, Range 37 East; and W ½ of Section 5, all of Sections 6 and 16, Township 59 South, Range 38 East, Dade County, Florida, containing 25,313 acres, more or less.

[3] The defendants, Reubin O'Donovan Askew, Governor of the State of Florida, Richard B. Stone, Secretary of the State of Florida, Robert Shevin, Attorney General of the State of Florida, Fred O. Dickinson, Jr., Comptroller of the State of Florida, Thomas D. O'Malley, Treasurer of the State of Florida, Floyd T. Christian, Commissioner of Education of the State of Florida, and Doyle Conner, Commissioner of Agriculture of the State of Florida, as and constituting members of the Board of Trustees of the Internal Improvement Fund of the State of Florida, John B. Orr, Mayor of Metropolitan Dade County, and Joyce Goldberg, Edward T. Graham, Edward C. Fogg, III, Harry P. Cain, Harvey Ruvin, Mike Calhoun, Mrs. Bev-

erly B. Phillips and Edward T. Stephenson, Commissioners of Metropolitan Dade County, as and constituting the Board of County Commissioners of Metropolitan Dade County, Florida; Metropolitan Dade County, Florida; and Stuart Simon, County Attorney of Metropolitan Dade County, as County Attorney of Metropolitan Dade County, Florida, their successors in office, officers, agents, servants, and employees be and they are each enjoined, pending further order of this Court, from instituting or filing any suit or action against the plaintiff, Aerojet-General Corporation, an Ohio Corporation and/or any other party or parties in any Court of the State of Florida and in any other Court, state or federal, the nature or purpose of which is to quiet title or attempt to quiet title to or have title to the following described real property declared to be vested in any one, more or all of said defendants, excepting only by way of counterclaim in this action in this Court:

Sections 1 thru 14, Township 56 South, Range 37 East.

Sections 15 and 16, Township 56 South, Range 37 East.

Sections 17 thru 20, Township 56 South, Range 37 East.

Sections 21 thru 23, Township 56 South, Range 37 East.

Sections 24 thru 36, Township 56 South, Range 37 East.

Section 16, Township 57 South, Range 37 East.

West ½ of Section 5, Township 59 South, Range 38 East.

Section 6, Township 59 South, Range 38 East.

Section 16, Township 59 South, Range 38 East.

All situate and lying in Dade County, Florida.

[4] The petition for rule to show cause be and the same is hereby dismissed in view of the Court's finding that there was no bad faith in the action taken by the cabinet of the State of Florida.

[5] This Court will consider arguments on the requirement that a Three-Judge Court be empanelled to consider this matter, including the doctrine of abstention and the pending motion to dismiss, if necessary.

[6] This order shall be placed on record in the official records of the Circuit Court for the Eleventh Judicial Circuit in and for Dade County, Florida.

[7] In view of the fact that this Court by this order has granted injunctive relief, *pendente lite*, in favor of and against both the plaintiff and the defendants, no bond or other security in any amount is required or need be given by the plaintiff to any of the defendants or by the defendants or any of them to the plaintiff.